UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PARTNER REINSURANCE COMPANY LTD.,

                                                    Plaintiff,

                              -v-

RPM MORTGAGE, INC. and LENDUS, LLC,

                                                    Defendants.

18 Civ. 5831 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

In February 2017, defendant RPM Mortgage, Inc. ("RPM"), non-party Entitle Direct Group, Inc. ("Entitle"), and plaintiff Partner Reinsurance Company Ltd. ("PartnerRe") acting as Entitle's "Stockholder Representative," entered into an Agreement and Plan of Merger (the "Merger Agreement") under which RPM would acquire Entitle, a title insurance company. The merger never closed. This case involves competing claims as to who is liable for breaching the Merger Agreement.

## I.      Relevant Background

On October 8, 2019—more than a year into this litigation and after the close of fact discovery—RPM and co-defendant LendUS, LLC (together, "defendants"), filed a letter, previewing at length, for the first time, its argument that "[p]laintiff lacks standing to pursue its claim, and this Court therefore lacks jurisdiction to hear such claim." Dkt. 76 at 1; *see id.* at 1–3. On October 15, 2019, PartnerRe responded, arguing that "[a] court must resolve the question of its jurisdiction as a threshold matter. If the Court did lack jurisdiction, it obviously could not resolve" any other pending issue in this litigation. Dkt. 77 at 1–2. Accordingly, PartnerRe asked the Court "to order [d]efendants to bring a Rule 12(h)(3) motion for any challenge to

jurisdiction" and "to stay all other case activity until the Court resolves the question of its jurisdiction." *Id.* at 2.  Federal Rule of Civil Procedure 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  On October 16, 2019, defendants filed an additional letter, requesting that, at minimum, the briefing schedule for PartnerRe's pending motion for leave to amend be adjourned until the Court had addressed the question of jurisdiction.  *See* Dkt. 78.  That same day, PartnerRe filed an additional letter, criticizing defendants for seeking a stay of only the motion to amend, and reiterating its "position . . . that the Court should at the earliest opportunity issue an order and set a Rule 12(h)(3) briefing schedule to address [d]efendants' recent argument that the Court lacks subject matter jurisdiction over this case; and stay all other activity in this case . . . until the Court satisfies itself that it has the subject matter jurisdiction Defendants now assert the Court lacks."  Dkt. 79 at 1.

Accordingly, on October 16, 2019, the Court issued an order adjourning all relevant deadlines and setting a briefing schedule for defendants' proposed motion to dismiss for lack of standing pursuant to Rule 12(h).  Dkt. 80.  On November 6, 2019, defendants filed their motion, Dkt. 81, along with a declaration, Dkt. 82, and a brief in support, Dkt. 83 ("Def. Mem.").  On November 20, 2019, PartnerRe opposed the motion, *see* Dkt. 85 ("Pl. Mem."); Dkt. 86.  On November 27, 2019, defendants replied.  Dkt. 87 ("Def. Reply").

## II.   Applicable Legal Standards

"A claim that a party lacks standing to bring suit is an attack on a court's subject matter jurisdiction over that party."  *EMI Entm't World, Inc. v. Karen Records, Inc.*, No. 05 Civ. 390 (LAP), 2013 WL 2480212, at *2 (S.D.N.Y. June 10, 2013) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541–42 (1986)).  Constitutional standing thus "is the threshold question

in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that jurisdiction exists." *Giammatteo v. Newton*, 452 F. App'x 24, 27 (2d Cir. 2011) (citing *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Article III standing consists of three "irreducible" elements: (1) injury-in-fact, (2) a causal connection between the injury and the conduct complained of, meaning that "the injury has to be fairly traceable to the challenged action of the defendant"; and (3) redressability of the injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal quotation marks omitted). A plaintiff must "demonstrate standing for each claim and form of relief sought." *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 404 (2d Cir. 2011) (quoting *Baur v. Veneman*, 352 F.3d 625, 642 n.15 (2d Cir. 2003)).

## III.   Discussion

The Court is satisfied that it has subject matter jurisdiction over PartnerRe's claim. PartnerRe easily meets the requirements of Article III here. PartnerRe was Entitle's largest stockholder and executed the Merger Agreement—under which RPM was to acquire Entitle—as "Stockholder Representative." *See* Compl. ¶ 13. PartnerRe alleges that RPM changed its mind after signing the Merger Agreement, failing to show up for the closing and refusing to close the merger thereafter. *See id.* ¶¶ 5, 49–53. As a result, PartnerRe alleges, Entitle eventually was acquired for significantly less money by another purchaser and incurred significant additional expenses in the process. *See id.* ¶¶ 8–9, 63–64. Thus, PartnerRe satisfies Article III's requirements: RPM's alleged failure to close caused PartnerRe to suffer injury in the form of the

loss of many millions of dollars, and an award of damages (whether calculated as expectation damages or as keyed to PartnerRe's excess expenses) would redress this injury.[1]

Defendants instead argue that PartnerRe lacks standing to sue for breach of the Merger Agreement under Delaware law because PartnerRe was neither a proper party to, nor a third-party beneficiary of, nor a valid assignee of the Agreement.  While couched as a jurisdictional issue, the type of "standing" to sue for breach of a contract at issue in defendants' motion is, if anything, prudential rather than constitutional.

"The 'prudential standing rule . . . normally bars litigants from asserting the rights or legal interests of others in order to obtain relief from injury to themselves.'"  *Rajamin v. Deutsche Bank Nat. Tr. Co.*, 757 F.3d 79, 86 (2d Cir. 2014) (quoting *Warth*, 422 U.S. at 509); *see also Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352, 358 (2d Cir. 2016).  Crucially, unlike Article III standing, prudential standing "does not implicate subject-matter jurisdiction, *i.e.*, the court's statutory or constitutional *power* to adjudicate the case."  *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 n.4 (2014) (citing *Grocery Mfrs. Ass'n v. EPA*, 693 F.3d 169, 183–85 (Kavanaugh, J., dissenting) ("[P]rudential standing is not jurisdictional.")); *see also Advanced Video Techs., LLC v. HTC Corp.*, 103 F. Supp. 3d 409, 418 (S.D.N.Y. 2015) ("[P]rudential . . . standing is not really 'standing' at all . . . .  As a result, no motion to dismiss for lack of subject matter jurisdiction . . . lies where the alleged 'lack of standing' is merely prudential." (internal citations omitted)).

---

[1] Defendants' half-hearted effort to argue otherwise falls far short.  Defendants rely on *Shareholder Representative Services LLC v. Sandoz, Inc.*, No. 12 Civ. 6154 (DLC), 2013 WL 4015901 (S.D.N.Y. Aug. 7, 2013), in which the court held that plaintiff, a service provider to former shareholders, lacked standing because it "had no financial stake in the [s]hareholders' claims and suffered no economic injury as a result of defendants' actions." *Id.* at *8.  While PartnerRe's rights under the Merger Agreement remain to be interpreted, there is no question it had a financial stake in Entitle and, as alleged, suffered injury when the merger did not close.

Such is true both as a matter of federal constitutional law and Delaware contract law. Delaware courts do not apply constitutional standing analysis when determining the right of a purported non-party to sue under a contract.  Rather, to the extent Delaware courts use the term "standing" in this context, they do so in addressing either a form of prudential standing or, most frequently, when determining, as a matter of contract interpretation, whether a plaintiff had a right to sue under the relevant contract, as a third-party beneficiary or otherwise.  *See, e.g.*, *Ark. Teacher Ret. Sys. v. Alon USA Energy, Inc.*, C.A. No. 2017-0453 (KSJM), 2019 WL 2714331, at *2 (Del. Ch. June 28, 2019) (addressing contractual "standing" issue as question of whether, under Delaware law, shareholder could show it was a third-party beneficiary to agreement); *Dolan v. Altice USA, Inc.*, C.A. No. 2018-0651 (JRS), 2019 WL 2711280 (Del. Ch. June 27, 2019) (same); *Insituform of N. Am., Inc. v. Chandler*, 534 A.2d 257, 268–69 (Del. Ch. 1987) ("Analysis of the standing issue begins with recognition of the general rule that strangers to a contract ordinarily acquire no rights under it unless it is the intention of the promisee to confer a benefit upon such third party.").  Thus, the "standing" issue addressed in defendants' motion is an issue of contract interpretation, not subject-matter jurisdiction, which is treated by Delaware courts as, at most, a "species of prudential standing."  *Nasdaq, Inc. v. Exch. Traded Managers Grp., LLC*, No. 17 Civ. 8252 (PAE), 2018 WL 3996932, at *7 n.9 (S.D.N.Y. Aug. 21, 2018).

The Court accordingly denies defendants' motion to dismiss for lack of subject matter jurisdiction, without prejudice to defendants' right to argue that PartnerRe lacks contractual standing to pursue the relief sought here in a later motion for summary judgment or bench trial.[2]

The Court shortly will issue a follow-up order addressing next steps in this case.  The Clerk of Court is respectfully directed to close the motions pending at dockets 72, 76, 78, and 81.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: June 3, 2020
       New York, New York

---

[2] Courts have sometimes converted improperly labelled motions to dismiss for lack of standing into motions for summary judgment, where there are no disputes of material fact and where the parties' briefing enables resolution all issues presented on summary judgment.  *See, e.g.*, *Advanced Video Techs.*, 103 F. Supp. 3d at 418–21; *Adson5th, Inc. v. Bluefin Media, Inc.*, No. 16 Civ. 143 (LJV), 2017 WL 2984552, at *7 (W.D.N.Y. July 13, 2017).  Here, in contrast, the Court does not see value in addressing defendants' contractual arguments as a standalone motion for summary judgment at this time or on the present briefing, both because factual disagreements separate the parties which are raised without citation to evidence in the parties' briefs, *see, e.g.*, Def. Mem. at 5–7; Pl. Mem. at 3–4, 16–17; Def. Reply at 6, and because defendants' contractual "standing" argument is closely connected to tmerits issues in this case.