UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

PARTNER REINSURANCE COMPANY LTD.,

                      Plaintiff,

            -v-

RPM MORTGAGE, INC. and LENDUS, LLC,

                      Defendants.

18 Civ. 5831 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

On June 22, 2020, plaintiff Partner Reinsurance Company Ltd. ("PartnerRe") filed a letter motion to compel defendants RPM Mortgage, Inc. ("RPM"), and LendUS, LLC ("LendUS," and, together with RPM, "defendants"), to produce certain financial documents. Dkts. 105–06 ("Pl. Ltr."). On June 25, 2020, defendants responded, opposing the motion. Dkts. 107–08 ("Def. Ltr."). This order resolves the parties' discovery disputes to the extent currently ripe, *see infra* note 1.

The Court assumes familiarity with the facts and procedural history of this case, and here provides only the background necessary for resolution of this dispute. This case involves competing claims as to who is liable for breaching a merger agreement, pursuant to which defendant RPM was to acquire a title and settlement services business known as Entitle. PartnerRe's theory of the case is, in relevant part, that "weakness in RPM's financial condition on the scheduled closing date was the real reason for RPM's refusal to close." Pl. Ltr. at 1. In connection with this theory, PartnerRe asserts that "a full understanding of specific transactions between RPM and LendUS on the one hand and their shareholders Rob and Tracey Hirt on the other is key to an understanding of the financial condition of RPM and LendUS, because the

Hirts regularly put money into RPM and LendUS and also regularly took money out to satisfy their personal needs." *Id.* at 2 (citing the deposition testimony of Tracey Hirt and of Ava Noack, LendUS's President and Chief Financial Officer, in support of this theory). Relatedly, PartnerRe has filed a yet-to-be briefed motion to amend, Dkt. 100, which seeks to add a claim for alter ego liability against the Hirts and several entities allegedly under the Hirts' control.

PartnerRe seeks to compel discovery of three categories of documents related to defendants' financial condition at or around the time the merger failed to close:  (i) the complete general ledgers of RPM and LendUS for the time period including at least January 1, 2017, through October 31, 2017; (ii) board minutes and/or resolutions related to transfers of cash between the Hirts or their trust(s) on the one hand and RPM, LendUS, and other affiliated companies on the other hand during this time; and (iii) documents related to the $14.9 million receivable indicated on the pro forma projections that RPM submitted to the Ohio Department of Insurance ("ODI") for regulatory approval of the merger.[1]

Citing no authority, defendants argue that "[t]he first two categories . . . are irrelevant because they clearly relate to [p]laintiff's proposed alter ego liability claims, and not the current breach of contract claim before this Court." Def. Ltr. at 3. The Court disagrees. The central dispute in this case is which party, if any, is liable for the failed merger. Defendants believe that Entitle and PartnerRe breached the agreement and/or that Entitle suffered a material adverse effect between signing and closing. PartnerRe believes that defendants—suffering from "buyers' remorse," Dkt. 6 ("Compl.") ¶¶ 5, 7, 58—breached their obligation to close. Whether

---

[1] PartnerRe also notes, without currently seeking to compel a deposition, that LendUS has refused to produce a corporate representative to testify in response to a Rule 30(b)(6) subpoena. The Court agrees with defendants that this issue is not yet ripe for resolution. The Court advises counsel that it would expect to treat as timely a request to take such a Rule 30(b)(6) deposition made promptly following the Court's resolution of PartnerRe's motion to amend.

2

defendants' financial condition was significantly depleted by transfers of any kind during the relevant period, including to the Hirts and their controlled entities, is unquestionably relevant to PartnerRe's existing claims and defenses. The Court's potential granting of PartnerRe's motion to amend would merely make the already relevant discovery as to defendants' ledgers and board minutes relating to transfers to and from the Hirts even more relevant.

Defendants also argue that the third category—documents related to the $14.9 million receivable indicated on the pro forma projections that RPM submitted to ODI—is "moot" because "[d]efendants have already produced the documents responsive to this request and provided written explanations of those materials in multiple letters." Def. Ltr. at 3 (citing Def. Ltr., Ex. H).[2] RPM's projections provided to the ODI—which PartnerRe contends were significantly stronger than RPM's actual cash position a few months later, at the scheduled closing date—included a $14.9 million receivable. During depositions, defendants' witnesses were unable to explain the makeup of that receivable.

Defendants here contend that they produced "an Other Receivables General Ledger Detail Report listing the makeup of the $14.9 million receivable." Def. Ltr. at 2. As defendants elsewhere explained, the $14.9 million figure consists only "*in part*, of the receivables listed in the 'Other Receivables' General Ledger Detail Report," with the "remainder" of the figure relating to several broad categories. Def. Ltr., Ex. N at 2 (emphasis added). Defendants have not provided discovery relating to the remainder or elaborating upon the general ledger detail

---

[2] Exhibit H is a single-page summary spreadsheet with 4 rows and 6 columns showing monthly total "LendUS Cash Balances" between February and July 2017, which defendants created and produced to plaintiff in July 2019. *See* Def. Ltr. at 2 & Exs. G–H. The spreadsheet appears to show a significant drop in cash balances during the relevant period, though with enough cash on hand to close the merger throughout the period. The Court assumes that defendants intended to cite some combination of the documents at Exhibits J through N, rather than Exhibit H, and has considered all of those exhibits in resolving this issue.

report.  Such discovery is plainly relevant, and nothing that has occurred since the filing of PartnerRe's letter motion to compel has rendered this request "moot."

Accordingly, the Court grants PartnerRe's motion to compel.  The Clerk of Court is respectfully directed to terminate the motions pending at dockets 105 and 106.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: July 1, 2020
   New York, New York