

November 18, 2020

**Via ECF**

Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

    Re:    *Partner Reinsurance Company Ltd. v. RPM Mortgage, Inc. and LendUS, LLC*,
            Case No. 1:18-cv-05831

Dear Judge Engelmayer:

I write on behalf of Plaintiff Partner Reinsurance Company Ltd. to update the Court on the parties' efforts to reach agreement on a joint proposed schedule as ordered by the Court (ECF 118, 119, 120). The parties have not yet reached agreement on the following issues:

*First*, no deposition of the ODI took place on October 16, which was the date set in the Court's September 22, 2020, Scheduling Order (ECF 119). The ODI filed a motion to quash in the U.S. District Court for the Southern District of Ohio, which the Defendants have opposed. Plaintiff's position is that paragraph 1.E of the Court's Individual Rules and Practices required Defendants to request an extension of the deadline for the ODI deposition when they knew, well in advance of October 16, that the deposition would not take place then. When the ODI's motion was pending before the Southern District of Ohio, Plaintiff's position was that the schedule in this case should not be put on hold pending a ruling from that Court. Earlier today, however, the Southern District of Ohio transferred the ODI's motion to the Southern District of New York pursuant to Rule 45(f). Plaintiff wishes to have the opportunity to present to the Court its position regarding a deposition of the ODI, including in particular its position regarding the implication of paragraph 1.E of the Court's Individual Rules and Practices, and believes that the provision in the previously stipulated schedule for letter briefs regarding any remaining depositions should afford this opportunity.

*Second*, Defendants' counsel first advised Plaintiff's counsel by email this evening that Defendants Robert Hirt, Tracey Hirt, and the Hirt Trust plan to serve written discovery requests on Plaintiff. Defendants' counsel indicated that the previously stipulated schedule should be revised to allow for service of such written discovery and responses in advance of any submission to the Court concerning depositions. Plaintiff's position is that the extensive discovery the K&L Gates firm has already taken of Plaintiff is adequate for the Hirts' defense of claims against them and that the K&L Gates firm could and should have previewed its clients' interest in written discovery before the parties negotiated and submitted to the Court an agreed schedule for the case following the Court's ruling on Plaintiff's Motion to Amend. (ECF 118.)

Defendants' counsel has proposed that counsel meet-and-confer regarding these issues tomorrow.

Plaintiff's counsel will of course meet-and-confer with Defendants' counsel when Defendants' counsel are available to do so, but in light of the fact that the Court ordered submission of a

scheduling order today, I am writing to update the Court on why Plaintiff is unable to submit a joint order by this deadline.  In lieu of a joint order Plaintiff submits its own proposed order.

          Respectfully submitted,

          /s/ *Nathan A. Holcomb*
            Nathan A. Holcomb