UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PARTNER REINSURANCE COMPANY LTD., <br><br>                                Plaintiff, <br>               -v- <br><br> RPM MORTGAGE, INC., LENDUS, LLC, ERWIN ROBERT HIRT, TRACEY HIRT, And THE ROBERT HIRT AND TRACEY NAJARIAN HIRT REVOCABLE LIVING TRUST, <br><br>                                Defendants. | 18 Civ. 5831 (PAE) <br><br> ORDER |

PAUL A. ENGELMAYER, District Judge:

The Court has received competing proposals regarding the remaining dates for discovery in this case. *See* Dkts. 124, ("Def. Ltr."), 125 ("Pl. Ltr."), 124-1 ("Def. Proposal"), 125-12 ("Pl. Proposal"). For the following reasons, the Court adopts plaintiff's proposal.

First, the parties dispute the propriety of the additional fact discovery proposed by defendants. Even so, both proposals provide for such requests to be made by November 30, 2020. *See* Def. Proposal; Pl. Proposal. Plaintiff's proposed schedule, however, builds in a short briefing schedule for any disputes relating to those requests. Pl. Proposal. The Court has previously expressed skepticism that the addition of alter-ego claims calls for new depositions. *See* Dkt. 120 at 29. And the parties' prior representations to the Court did not contemplate any additional written discovery after the Court's decision on plaintiff's motion for leave to amend. *See* Dkt. 118 at 1–2 (contemplating additional depositions but no further written discovery within the 28-day window for completing fact discovery). Accordingly, if disputes persist, the Court would benefit from the parties' views on the usefulness and scope of any such discovery.

Second, the parties dispute whether defendants should be permitted to take the previously scheduled deposition of a representative from the Ohio Department of Insurance ("ODI"). Plaintiff contends that the deposition should not be permitted because the Court's prior scheduling order contemplated it taking place by October 16, 2020, and defendants did not seek an extension of time to do so until after that date. Pl. Ltr. at 2–3. Although the parties should have sought an extension of that deadline before it passed, the scheduling order setting that deadline allowed changes thereto "as necessary to address any unforeseen circumstances then presented that are not currently within the parties' contemplation." *See* Dkt. 119. Here, the ODI's refusal to participate in the deposition at issue so qualifies, and the Court will not preclude defendants from pursuing that deposition solely because of the untimely request for an extension to do so.[1] Even so, plaintiff's proposed schedule contemplates the ODI deposition taking place by December 17, 2020, or later if the Court so orders. Accordingly, the Court does not view adopting plaintiff's proposed schedule as precluding defendants, at this point, from pursuing the deposition of an ODI representative.

The Court will enter the revised schedule by separate order.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: November 25, 2020
       New York, New York

---

[1] The Court here expresses no opinion on the merits of the ODI's motion to quash the subpoena regarding that deposition, which it intends to address promptly once the matter is transferred to this District and the Court's docket.