# K&L GATES

March 26, 2021

Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    Partner Reinsurance Company Ltd. v. RPM Mortgage, Inc. et al
             Case No. 18-cv-05831 (PAE)

Dear Judge Engelmayer:

We represent the Defendants in this action and write pursuant to Section 3(H) of Your Honor's Individual Rules to request that the April 12, 2021 Case Management Conference serve as a pre-motion conference to discuss Defendants' anticipated summary judgment motion. In this case, Defendants are entitled to judgment as a matter of law because there are no genuine disputes of material fact on the following three issues:

**1. PartnerRe breached the Merger Agreement.** On February 16, 2017, Defendant RPM Mortgage, Inc. ("RPM") executed a Merger Agreement to buy Entitle Insurance Company ("Entitle"), an entity regulated by the Ohio Department of Insurance ("ODI"). Entitle was not a profitable company at the time the Merger Agreement was executed. For this reason, the Merger Agreement included provisions allowing the Buyer not to go forward with closing if certain Burdensome Conditions existed (such as the ODI requiring additional capital contributions) or if Entitle's finances suffered a Material Adverse Effect. (Ex. A, Merger Agreement, §§ 3.7, 5.4(d)).

In order for RPM to be informed regarding whether a Burdensome Condition or MAE existed, the Merger Agreement included certain disclosure and cooperation Covenants. To be clear, RPM's obligation to close the transaction was explicitly conditioned on the satisfaction of these Covenants. (*Id.*, at §8.2). The disclosure and cooperation Covenants included:

- Section 5.3(a), which obligated Entitle to "afford to representatives of RPM reasonable access to the books and records" of Entitle; and
- Section 5.4(b), which governs the parties' interaction with the ODI, and provided, in relevant part, that the parties shall "(i) cooperate in all respects with each other in connection with any communication, filing or submission [to the ODI]…(iii) consult with each other *in advance* of any meeting or conference with [the ODI]; and (iv) permit outside counsel for the other Parties to review *in advance* any submission, filing or communications (and documents submitted therewith) intended to be given by it to [the ODI]." (Emphasis added).

It is undisputed that between execution of the Merger Agreement and the anticipated closing date,

K&L GATES LLP
599 LEXINGTON AVENUE   NEW YORK   NY 10022-6030
T +1 212 536 3900   F +1 212 536 3901   klgates.com

Entitle's finances deteriorated dramatically. As a result, RPM repeatedly made two simple requests based on the unambiguous Covenants in the Merger Agreement: (i) for access to the current financial books and records of Entitle so its true financial condition could be known; and (ii) for cooperation in communicating with the ODI by: (a) disclosing Entitle's prior communications with the ODI, and (b) cooperating to update the ODI regarding Entitle's actual and projected financial condition.

In violation of its obligations under the Merger Agreement, Plaintiff refused both requests.

Discovery revealed that Plaintiff did not provide access to Entitle's books and records, but rather actively concealed and withheld such information, in violation of Section 5.3. Plaintiff's own internal correspondence confirms this fact. On May 31, 2017, Plaintiff's General Counsel wrote to Entitle's founder that Entitle "has what [RPM] is looking for but *we (as a Transaction Committee) agreed not to send the financials to RPM* at this time." (Ex. B, PR00019239) (emphasis added). Simply put, Plaintiff breached its covenant to provide access to Entitle's books and records by actively concealing information from RPM.

Plaintiff also breached Section 5.4(b) of the Merger Agreement in multiple ways. First, Plaintiff improperly communicated with the ODI without consulting with RPM in advance. On May 24, 2017, Entitle's CEO exchanged emails with the ODI related to the Merger Agreement and specifically discussed anticipated capital contributions, without prior consultation with RPM. In one such communication, Entitle promised—without consulting with RPM—that RPM would infuse an additional $1.5 million in capital. (Ex. C, ENT00098430). And when RPM requested copies of Entitle's communications with the ODI, RPM was told that the time and effort necessary to pull them together was "unreasonable." (Ex. D, BC_008108).

Second, Plaintiff wrongfully refused to update the ODI with information related to Entitle's changed financial condition. The "Form A" application was a legally required filing made by RPM to the ODI that contained mandatory financial projections for Entitle's post-closing business. The ODI relies on those projections to assess the capital contributions necessary to operate the company. When RPM was provided with new financial information for Entitle—information that was far worse than what was provided to the ODI in the Form A—RPM wanted to update the Regulator with the new information. (Ex. E, LendUS_0000999). Such updates are required under Ohio law. *See* Ohio Admin. Code §3901-03-01(E). Moreover, the ODI needed accurate information in order to know whether, and to what degree, a capital contribution might be necessary for approval of the transaction. Accordingly, RPM asked, repeatedly, that Plaintiff cooperate to communicate with the ODI to make sure that the Regulator was fully informed. (Ex. F, ENT00263591).

Plaintiff repeatedly refused to update the ODI, despite the fact that Plaintiff knew the Form A projections were wrong. (Ex. G, ENT00098047). In fact, Plaintiff not only refused to update the ODI, but forbade RPM from doing so, accusing RPM of acting in bad faith and alleging that if RPM contacted the Regulator unilaterally it would be a breach of the Merger Agreement. (*See, e.g.*, Ex. H, LendUS_00045187).

RPM's concerns were proven valid. On June 28, 2017, the ODI informed Entitle that a capital

contribution of $5.5 million would be necessary to cure the company's Hazardous Financial Conditions. (Ex. I, PR00028639). Plaintiff terminated the Merger Agreement the next day.

Plaintiff's concealment of Entitle's financial information from RPM and the ODI, improper communications with the ODI, and refusal to cooperate in response to reasonable requests to contact the ODI constitute clear breaches of the disclosure and cooperation Covenants found in Sections 5.3 and 5.4 of the Merger Agreement.

**2. Plaintiff's Alter Ego Claims Fail as a Matter of Law.** Plaintiff's alter ego claims, raised in its Amended Complaint dated November 18, 2020, also fail as a matter of law. Under Delaware law, it is a "difficult task" to pierce the corporate veil and "appropriate only in exceptional circumstances." *Wallace ex rel. Cencom Cable Income Partners II, Inc. v. Wood*, 752 A.2d 1175, 1183 (Del. Ch. 1999) (quotation omitted); *Mobil Oil Corp. v. Linear Films, Inc.*, 718 F.Supp. 260, 270 (D. Del. 1989). In determining whether to pierce the corporate veil, a number of factors are relevant, including: (1) whether the company was adequately capitalized for the undertaking; (2) whether the company was solvent; (3) whether corporate formalities were observed; (4) whether the parent siphoned company funds; and (5) whether, in general, the subsidiary simply functioned as a façade for the parent. *See, e.g., Winner Acceptance Corp. v. Return on Capital Corp.*, No. CIV.A. 3088-VP, 2008 WL 5352063, at *5 (Del. Ch. Dec. 23, 2008).

The record conclusively demonstrates that none of these factors were present here. *See, e.g.*, Ex. J, LENDUS_00046117 (demonstrating LendUS was adequately capitalized and solvent); Ex. K, LENDUS_00037525-530 (Certified Resolutions of the Board of Directors of RPM related to the Merger); Ex. L, LENDUS_00015361 (Audited Financial Statements for RPM from 2016-2017 reflecting all transactions between Defendants). Plaintiff's own damages expert even admitted that RPM was a viable entity, that he found no evidence of fraud in its financial records, and that RPM had sufficient funds on hand to close the transaction. (*See* Ex. M, Rough Imburgia Dep. 46:18-47:6; 79:8-18).

**3. Plaintiff Lacks Standing Under the Merger Agreement**. Plaintiff lacks standing to bring this suit under the Merger Agreement. Any claim for breach of the Merger Agreement was Entitle's until it was acquired by Radian Title Services, Inc. ("Radian") in 2018, at which point Radian owned the claim. Radian then entered into an Assignment and Cooperation Agreement ("Assignment") in which the exclusive right to pursue the claims advanced in this case were assigned to PartnerRe. The Assignment is void, however, because the Merger Agreement between RPM and Entitle unambiguously prohibits assignments and states that any such attempted assignment "shall be void." Ex. A, Merger Agreement, § 11.6. Because RPM never consented to the Assignment, the Assignment is void, and Plaintiff lacks standing to assert any claims other than those specifically held by PartnerRe.

            Respectfully Submitted,

            K&L GATES LLP

            By: /s/ *Steven L. Caponi*
               Steven L. Caponi

600 N. King Street
Suite 901
Wilmington, DE 19801
Steven.caponi@klgates.com

Justin H. Roeber
Thomas A. Warns
599 Lexington Avenue
New York, NY 10022
Tel.: (212) 536-3900
Fax: (212) 536-3901
Justin.Roeber@klgates.com
Tom.warns@klgates.com

*Counsel for Defendants*