UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PARTNER REINSURANCE COMPANY LTD.,

                            Plaintiff,

          -v-

RPM MORTGAGE, INC. ET AL,

                           Defendants.

18 Civ. 5831 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

By letter dated June 21, 2022, plaintiff Partner Reinsurance Company Ltd. ("PartnerRe") asks the Court (1) to lift the 30-day stay prohibiting enforcement of its judgment against defendant LendUS LLC ("LendUS"), pursuant to Fed. R. Civ. P. 62(a); and (2) to set a briefing schedule for a motion it seeks to make to recover attorneys' fees, based on an allegedly false denial by LendUS of a Request for Admission, pursuant to Fed. R. Civ. P. 37(c). *See* Dkt. 222. By letter dated June 24, 2022, LendUS opposes these applications. *See* Dkt. 225. By letter today, PartnerRe replied to LendUS's opposition. *See* Dkt. 226.

**I.    Rule 62**

PartnerRe asks the Court to lift the 30-day stay of judgment under Rule 62. The Rule provides that the 30-day stay of judgment automatically applies "unless the court orders otherwise." The Rule's advisory committee note states that one "reason for dissolving the automatic stay may be a risk that the judgment debtor's assets will be dissipated." *See* Fed. R. Civ. P. 62 advisory committee's note (2018). PartnerRe claims to faces such a risk, based on the announcement of LendUS's imminent sale to CrossCountry Mortgage.

The Court declines PartnerRe's request to lift the stay. As of today, only some 14 days remain until PartnerRe can act to enforce its judgment. PartnerRe has not provided more than a speculative basis to believe that waiting for the statutory period to pass will inhibit its practical ability to collect on its judgment. LendUS has not filed for bankruptcy; there is no indication that such a filing is imminent; it has not defaulted on any judgment or payment obligation; and PartnerRe's concern that LendUS intends to use the sale—which was publicly reported on April 28, 2022, four weeks before the Court's May 25, 2022 ruling—to thwart PartnerRe's ability to collect on its judgment is conjectural. The Court notes, too, that LendUS's counsel, Steven L. Caponi, Esq., has represented to the Court in writing that LendUS maintains assets in excess of the value of the judgment. The Court does not have reason to discredit that representation.

Notwithstanding its refusal to lift the stay, the Court stands at the ready—upon expiration of the 30-day period under Rule 62—to take lawful action upon an appropriate application by PartnerRe towards enforcement of its judgment.

## II. Rule 37(c)

PartnerRe seeks an award of attorneys' fees under Rule 37(c)(2). It does so based on LendUS's denial of a pretrial Request for Admission ("RFA") that requested that defendants admit that once the Ohio Department of Insurance approved RPM's Form A filing, all closing conditions had been satisfied save for those which could be satisfied only at closing. The Court, in its May 25 Opinion & Order, found that all such closing conditions had been satisfied. *See* Dkt. 215. PartnerRe does not cite any other basis—statutory or contractual—for an award of attorneys' fees. And in its Complaint initiating this action, it did not seek an award of such fees. *See* Dkts. 1, 121.

2

FRCP Rule 37(c)(2) states that "[i]f a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof. The court must so order[.]" However, under Rule 37(c)(2)(C), even when the moving party has shown that the non-admitting party failed to make an admission about a genuine piece of evidence, the non-admitting party may avoid being subjected to sanctions if it "had a reasonable ground to believe it might prevail on the matter." The commentary instructs that "the true test under Rule 37(c)(2) is not whether a party prevailed at trial," but rather "whether [the non-admitting party] acted reasonably in believing that he might prevail." Fed. R. Civ. P. 37, advisory committee's notes to the 1970 Amendment.

That principle appears decisive here. Although the Court's extensive opinion held—firmly and decisively—for PartnerRe, its findings following the bench trial do not compel the conclusion that defendants lacked "reasonable ground" to deny the RFA at issue. That is so for several reasons.

First, under Rule 37(c)(2)(C), a party "has 'reasonable ground' . . . to believe it might prevail at trial where the admission requested involves a difficult factual question, or legal conclusions." *Ohio Cas. Ins. Co. v. Twin City Fire Ins. Co.*, No. 14 Civ. 858 (NGG) (PK), 2020 WL 1698593, at *3 (E.D.N.Y. Apr. 8, 2020); *Bd. of Directors, Water's Edge, a Condo. Unit Owner's Ass'n v. Anden Grp.*, 136 F.R.D. 100, 106–07 (E.D. Va. 1991) (whether there was a manufacturing defect constituted a "complex and contested factual matter").

This case as a whole, and the specific issue of whether all closing conditions had been satisfied as of the date the ODI issued the Form A, involved difficult such questions. Whether

3

the relevant closing conditions had been satisfied called upon the Court to make complex factual and legal determinations. These included the scope of Entitle's books and records obligations, the construction and significance of specific communications related to these obligations, the meaning of an Ohio regulation governing updates to Form A, the extent to which the pertinent participants at ODI were aware of Entitle's financial decline, and whether PartnerRe's recent losses outstripped earlier loss projections to an extent excusing RPM from closing. Although the Court firmly resolved those issues in PartnerRe's favor, the path to that outcome was long and involved, and required parsing nuanced evidence and law.

Critically, too, the case required the Court, as factfinder, to make credibility determinations that in large part drove its finding of a willful breach by RPM. Although the Court found Mr. Hirt to have repeatedly dissembled based on its assessment of his trial testimony, that did not compel the defense—or defense counsel—to take, pretrial, the same malignant view of his credibility. To the extent that PartnerRe's fee application relies on the Court's adverse credibility determinations as to Mr. Hirt in its post-trial decision, PartnerRe leverages hindsight. Notwithstanding PartnerRe's confidence on this point, it was not, at the outset of the trial, a foregone conclusion that the Court would assess Mr. Hirt's testimony and comportment as it did. *See Ohio Cas. Ins. Co.*, 2020 WL 1698593, at *5 (denying Rule 37 sanctions where court had to resolve "a complex issue of fact and law, to which the Court devoted a lengthy discussion").

Moreover, under the Rule, "[a] reasonable ground to deny an admission request exists where the responding party possesses information or documents to contradict the admission requested." *El-Massri v. New Haven Corr. Ctr.*, No. 18 Civ. 1249 (CSH), 2021 WL 164909, at *4 (D. Conn. Jan. 18, 2021); *Zhejiang Tongxiang Imp. & Exp. Corp. v. Asia Bank, N.A.*, No. 98

Civ. 8288 (JSM), 2003 WL 21697893, at *1 (S.D.N.Y. July 21, 2003) (declining to award sanctions to plaintiff where defendant had "reasonable grounds" to deny certain facts that were later established by the record upon plaintiff's summary judgment motion). Although plaintiffs' proof carried the day, the record was not devoid of evidence on which defense counsel could make responsible, non-frivolous arguments that there were unmet closing conditions. At trial, defendants presented documents and testimony that plausibly supported its theory of the case on this point. This included that Entitle withheld updated projections until after the Form A was approved (JX-107; JX-100; JX-436), that Entitle had "ex parte" communications with ODI (JX-199; JX-90; JX-104), and that Entitle refused to jointly communicate with the ODI (JX-135). Ultimately, the Court found the weight of the evidence lopsidedly favored PartnerRe on these points, but "[w]hether there are mountains or molehills, a responding party is entitled to rely on [such] documentary evidence." See *Ohio Cas. Ins. Co*, 2020 WL 1698593, at *5.

The Court accordingly *strongly* discourages PartnerRe from making the proposed fee application. Based on the Court's assessment of the law and record, there is a high likelihood that such an application would be denied summarily. The Court, however, will not prohibit PartnerRe from making such a motion, notwithstanding its very low likelihood of success. Should PartnerRe elect this course, its fee application will be due Friday, July 8, 2022, and LendUS's response is due Friday, July 15, 2022. The Court does not authorize a reply.

SO ORDERED.

                                                                                   *Paul A. Engelmayer*
                                                                                  PAUL A. ENGELMAYER
                                                                                  United States District Judge

Dated: June 30, 2022
      New York, New York